**JAKUB P. MEDRALA, ESQ.**
California Bar No. 280273
**The Medrala Law Firm, Prof. LLC**
615 S. 6th Street
Las Vegas, Nevada 89101
(702) 475-8884
(702) 938-8625 Facsimile
jmedrala@medralaw.com
*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID COPPERFIELD'S DISAPPEARING, INC., a.k.a. DCDI PRODUCTIONS, a Nevada Corporation;<br><br>Plaintiff,<br><br>vs.<br><br>AVINASH KUMAR; an Individual, DOES I-X; and ROES I-X,<br><br>Defendants. | **COMPLAINT**<br><br>Case No.: 24-7063 |

Plaintiff DAVID COPPERFIELD'S DISAPPEARING, INC., a.k.a. DCDI PRODUCTIONS ("Plaintiff") complains against AVINASH KUMAR, DOES I-X, and ROES I-X ("Defendants") as follows:

**I.**

**JURISDICTION AND VENUE**

1. Federal jurisdiction in this case is appropriate because this case centers on federal questions. Among other causes of action, Plaintiff brings a complaint pursuant to 17 U.S.C. § 501.

2. Federal district courts have original jurisdiction over such claims pursuant to 28 U.S.C. § 1338.

3. Additionally, there is diversity of citizenship of the parties. Plaintiff is a Nevada corporation, while upon information and belief, all Defendants are citizens and residents of India or are corporations formed and primarily operating in India. The amount in controversy is in excess of $75,000.

4. Venue is proper because, in filing the DMCA counter-notice, Defendant AVINASH KUMAR consented to jurisdiction where YouTube is located, and YouTube is primarily located in San Bruno, California, which is within the Northern District of California. *See* 28 U.S.C. § 1391(b)(3).

5. Venue is also proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in the Northern District of California.

## II.

## PARTIES

6. Plaintiff DAVID COPPERFIELD'S DISAPPEARING, INC., a.k.a. DCDI PRODUCTIONS, is and was at all relevant times a Nevada corporation.

7. Upon information and belief, Defendant AVINASH KUMAR is an individual who is a citizen and resident of Jamui, India. However, Defendant expressly accepted jurisdiction of this Court when Defendant submitted a DMCA counter-notice pursuant to 17 U.S.C. § 512(g).

## III.

## GENERAL ALLEGATIONS

8. David Copperfield is a famous and world-renowned magician and illusionist.

9. David Copperfield is known for, among other things, his illusion in which he makes

1  the Statue of Liberty disappear, or when he walked through the Great Wall of China.

2      10.   Plaintiff DCDI Productions is the owner of numerous copyrights relating to the
3  works and creations of David Copperfield that have been properly registered with the U.S.
4  Copyright Office.

5      11.   These registered copyrights include but are not limited to "Magic of David
6  Copperfield: TV Special 14," which is registered under Copyright Number PAu001712107 and
7  dated 1992 ("the Work").

8      12.   Defendant Avinash Kumar posted a video to the video-sharing Platform YouTube
9  identified by http://www.youtube.com/watch?v=6QYgsnH9bc4.

10     13.   The video uploaded by Avinash Kumar contains substantial portions of the Work.

11     14.   Defendant had no right to make any use of the Work.

12     15.   Defendant makes a large majority of his revenue from advertising and various
13 YouTube revenue programs that reward content creators for gaining subscribers and increasing
14 popularity of their videos, such as YouTube Partner Program.

15     16.   In other words, the more interesting the videos, the more subscribers the Defendant
16 gains, which in turn translates to more money for the Defendant.

17     17.   Defendant may have uploaded other videos that contain portions of other works
18 owned by Plaintiff, such as a video identified by:
19 https://www.youtube.com/watch?v=bQ_NGrwpyQ0, or
20 https://www.youtube.com/watch?v=UdKWcYEWTeM.

21     18.   Plaintiff upon discovery of the Defendant's video contain the Work, sent a notice to
22 YouTube requesting that the video be removed pursuant to the Digital Millenium Copyright Act
23 codified in relevant part at 17 U.S.C. § 512.

24

3

COMPLAINT

CASE NO.: 24-7063

19. On or about September 24, 2024, Defendant sent a counter-notice asking that the video be reinstated. As part of the counter-notice, Defendant included consent to jurisdiction of this Court.

20. Plaintiff was required to file suit.

## IV.

## FIRST CLAIM FOR RELIEF—COPYRIGHT INFRINGEMENT

21. Plaintiff repeats and incorporates the allegations above as fully set forth herein.

22. Plaintiff is the copyright owner of the Work and other videos unlawfully used by the Defendant.

23. Defendant has violated the exclusive rights of the Plaintiff as copyright owner as that term is used in 17 U.S.C. § 501.

24. Defendant has violated the copyright owner's exclusive rights to reproduce the Work, and other Plaintiff's materials to prepare derivative works of the Work, and to distribute copies as defined in 17 U.S.C. § 106(1)-(3).

25. Upon information and belief, Defendant has infringed on the copyright protection of other works belonging to Plaintiff.

26. Plaintiff seeks an injunction prohibiting Defendant from infringing on Plaintiff's copyrights, including but not limited to the Work. 17 U.S.C. § 502.

27. Plaintiff seeks monetary damages as provided for by statute. 17 U.S.C. § 504.

28. The exact amount of damages is presently unknown; however, upon information and belief, the infringement was substantial, ongoing, and willful. Accordingly, statutory damages of $150,000 per work infringed upon may be appropriate if actual damages are found to be less than this amount. 17 U.S.C. § 504(c)(2).

29. Plaintiff seeks an award of attorney fees as allowed by statute. 17 U.S.C. § 505.

## V.
## SECOND CLAIM FOR RELIEF—MISREPRESENTATIONS PURSUANT TO 17 U.S.C. § 512(f)(2)

30. Plaintiff repeats and incorporates the allegations above as fully set forth herein.

31. In filing the counter-notice, Defendant made misrepresentations that the materials were removed or disabled by YouTube due to mistake or misidentification.

32. Accordingly, Defendant is liable for all damages incurred by Plaintiff as the copyright owner caused by this misrepresentation, including attorney fees. 17 U.S.C. § 512(f)(2).

33. Plaintiff has been damaged by this misrepresentation because, among other things, Plaintiff has been forced to incur attorney fees.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**WHEREFORE**, the Plaintiffs pray that this Court enter a judgment:

1. Awarding Plaintiff injunctive relief banning Defendant's continued infringement of the Plaintiff's copyrights, including the copyrights in the Work;

2. Awarding Plaintiff economic damages in excess of $75,000, the exact amount to be determined at trial;

3. Awarding Plaintiff noneconomic damages in excess of $75,000, the exact amount to be determined at trial;

4. Awarding Plaintiff pre-judgment and post-judgment interest;

5. Awarding Plaintiff reasonable attorney fees and costs incurred in the prosecution of this action; and

6. Granting such other relief as the Court may deem just and proper.

DATED this 8th day of October, 2024.

THE MEDRALA LAW FIRM, PLLC

/s/ Jakub P. Medrala

_____

**JAKUB P. MEDRALA, ESQ.**
California Bar No. 280273
615 S. 6th Street
Las Vegas, Nevada 89101
*Attorney for Plaintiff*
